UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS FREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:03-cv-1896-DFH-JMS |
| | ) |
| WORKHORSE CUSTOM CHASSIS, LLC, | ) |
| GRAND VEHICLE WORKS HOLDINGS | ) |
| CORPORATION and ANDREW TAITZ, | ) |
| | ) |
| Defendants. | ) |

ENTRY ON DEFENDANTS' MOTION FOR NEW TRIAL

The court entered final judgment on January 24, 2007. On the tenth business day after that, defendants filed a Rule 59(a) motion for a new trial. Defendants' motion for a new trial is hereby denied.

Only one aspect of the motion might benefit from additional explanation. Defendants argue that Indiana law does not recognize as proper promissory estoppel damages the benefits that plaintiff Frey gave up at his old job with DeZurik when he left that job in reliance on defendants' false promises. The argument is based on a clear mis-reading of *D & G Stout, Inc. v. Bacardi Imports, Inc.*, 923 F.2d 566 (7th Cir. 1991), and other Indiana cases.

In *D & G Stout*, the Seventh Circuit explained the foundation of Indiana's approach to damages on claims for promissory estoppel:

> In fact, the line Indiana draws is between expectation damages and reliance damages. In future wages, the employee has only an expectation of income, the recovery of which promissory estoppel will not support in an at-will employment setting. In wages forgone in order to prepare to move, as in moving expenses themselves, the employee gave up a presently determinate sum for the purpose of relocating. Both moving expenses and forgone wages were the hopeful employee's costs of positioning himself for his new job; moving expenses happen to be out-of-pocket losses, while forgone wages are opportunity costs. Both are reliance costs, not expectancy damages.

923 F.2d at 569; see *Jarboe v. Landmark Community Newspapers of Indiana, Inc.*, 644 N.E.2d 118, 122 (Ind. 1994) (agreeing with the quoted paragraph as an accurate statement of Indiana law); *First National Bank of Logansport v. Logan Manufacturing Co.*, 577 N.E.2d 949, 956 (Ind. 1991) (affirming jury verdict for reliance damages in promissory estoppel case where bank's oral promise to extend loan was not enforceable as contract).

Defendants rely on the statement in *D & G Stout* that "an expectation of income, the recovery of which promissory estoppel will not support in an at-will employment setting." 923 F.2d at 569. The statement refers to future wages and benefits the employee expected on *the new job with the promisor*. Indiana has not allowed such wages to be recovered because that would have the effect of enforcing the promise as if it were a contract, granting the promisee the benefit of the broken promise of future at-will employment. *Jarboe*, 644 N.E.2d at 122; accord, *McCalment v. Eli Lilly & Co.*, 860 N.E.2d 884, 895 (Ind. App. 2007)

(affirming dismissal of promissory estoppel complaint that sought to convert new at-will job into permanent employment).

That reasoning has no application to the benefits plaintiff Frey had at his *old job* and gave up in order to accept the new job based on defendants' false promises. Those were opportunity costs Frey incurred to position himself for his new job, and they were reliance damages recoverable under Indiana law. The general goal is to put the plaintiff in the same position he would have been in, but not a better position, if the defendant had not broken its promise. See generally *First National Bank v. Logan Manufacturing*, 577 N.E.2d at 956 (adopting damages standard for promissory estoppel claims and adopting limit that, in absence of unjust enrichment, damages should not put the promisee in a better position than performance of the promise would have put him).

*D & G Stout* shows that if a promisee gives up benefits he was reasonably certain to receive if he had not relied on the broken promise, such damages may be recovered as reliance damages on a theory of promissory estoppel. In *D & G Stout*, the plaintiff was entitled to a trial on its claim to recover the difference between the purchase offer it turned down in reliance on Bacardi's promise of continued business (also under an at-will arrangement), and the lower purchase offer it accepted later, after Bacardi broke its promise.

Note that nothing in *D & G Stout* suggests that the plaintiff was required to prove to an *absolute certainty* that if he had accepted the earlier, higher offer, the deal would ultimately have closed at that price. Anyone who has been involved in business acquisitions knows that there is plenty of room for slippage between the handshake acceptance and a final closing. Similarly, it was at least possible here that Frey might not have stayed at DeZurik for another six months if he had not believed defendants' false promises. But that was a question for the jury. From *D & G Stout*, this court derived the principle of "reasonable certainty" expressed in the court's final jury instructions on this issue.

Defendants' theory, on the other hand, would require courts to handle a promissory estoppel claim by presuming as a matter of law that merely because the prior at-will employment *might* have ended, it *would in fact* have ended even if defendants had not made and broken their false promises. That approach is not consistent with the equitable dimension of Indiana law of promissory estoppel. It also is not consistent with the approach the Supreme Court of Indiana adopted in *Bochnowski v. People's Federal Savings & Loan Ass'n*, 571 N.E.2d 282, 284 (Ind. 1991), which held that a claim for tortious interference with an at-will employment relationship was legally viable because a wrongdoer who is not a party to such an at-will relationship is not entitled to take advantage of its at-will character. *Bochnowski* quoted with approval *Truax v. Raich*, 239 U.S. 33, 38 (1915): "The fact that employment is at the will of the parties, respectively, does not make it one at the will of others."

Accordingly, defendants' motion for a new trial is hereby denied.

So ordered.

Date: April 2, 2007

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Brenda Marie Allison
HORWOOD MARCUS & BERK CHARTERED
ballison@hmblaw.com

Susan E. Brabenec
MEZIBOV & JENKINS
1726 Young Street
Cincinnati, OH 45202

Irving L. Fink
YOSHA KRAHULIK & LEVY
iprince5@hotmail.com

Christian A. Jenkins
MEZIBOV & JENKINS LLP
cjenkins@mezibovjenkins.com

Marc D. Mezibov
MEZIBOV & JENKINS
mmezibov@mezibovjenkins.com

James H. Ryan
HORWOOD MACUS & BERK CHARTERED
jryan@hmblaw.com

Robert J. Schuckit
SCHUCKIT & ASSOCIATES, P.C.
rschuckit@schuckitlaw.com

Hal J. Wood
HORWOOD MARCUS & BERK CHARTERED
hwood@hmblaw.com